

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| **MAGED F. NESHEIWAT,** )<br><br>Plaintiff, )<br><br>     v. )<br><br>**LEASE FINANCE GROUP, LLC,**<br>**NORTHERN LEASING SYSTEMS, INC,** )<br><br>Defendants. ) | Civil No: 3:12-CV-_0.15_____ |

## COMPLAINT

Comes now the Plaintiff Mr. Maged F. Nesheiwat, by counsel, and files this complaint against

the defendant, and says as follows:

### PRELIMINARY STATEMENT

This is an action by a consumer seeking actual, statutory, and punitive damages, attorney fees

and costs, and declaratory and injunctive relief for Lease Finance Group, Inc.'s violation The

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

### JURISDICTION, VENUE and JURY DEMAND

1. This court has Federal Question jurisdiction, 28 U.S.C. § 1331, pursuant to the Fair Credit
   Reporting Act, 15 U.S.C. § 1681p.

2. This is the proper venue because Mr. Nesheiwat resides here, and the majority of the actions
   claimed happened within the confines of the Eastern District of Virginia. 28 U.S.C. § 1391(b)
   and (c).

3. The court has personal jurisdiction over Lease Finance Group because it regularly transact business here, such that it should expect to be hailed into court here.

4. TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE. *See* Fed. R. Civ. P. 38 and U.S. Const. amend. VII

## PARTIES

5. Plaintiff Maged F. Nesheiwat is a natural person and a resident of the Commonwealth of Virginia residing at 2201 Eagles Landing Ave, Henrico, VA 23231.

6. Mr. Neshiewat is a consumer as defined by the FCRA, 15 U.S.C. §§ 1681a(b) and (c).

7. Defendant Lease Finance Group, LLC AKA Lease Finance Group, Inc. ("LFG"), is a Delaware limited liability corporation, not registered with the Commonwealth of Virginia State Corporation Commission, and can be served at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

8. On information and belief, LFG is a subsidiary of Northern Leasing Systems, Inc. ("NLS") is a New York Corporation, registered with the Commonwealth of Virginia, and may be served at the office of its president and CEO, Jay Cohen, 132 W. 31st St, 14th Floor, New York, NY, 10001 or at its Registered Agent, CT Corporation System, 4701 Cox Rd, Suite 301, Glen Allen, VA 23060.

9. On information and belief, NLS and LFG are either parent/subsidiary or in fact, alter-egos of each other.

## FACTS

10. Mr. Neshiewat has never done business with LFG or NLS.

11. Mr. Neshiewat began attempting to obtain a mortgage for the purchase of a home in late 2009.

12. Mr. Neshiewat discovered in 2010 that LFG was reporting that he had an account and that it had been charged off.

13. The reporting of the account and the charge off were both false.

14. Mr. Neshiewat attempted to contact LFG, and discovered that at least one of the LFG companies determined that he was not a client of theirs.

15. LFG further determined that it had no record of Mr. Neshiewat having an account.

16. LFG also determined that it no record of Mr. Neshiewat's social security number or name in their system.

17. Mr. Neshiewat asked LFG to remove the inaccurate information.

18. LFG failed to remove the inaccurate information.

19. LFG refused to remove the inaccurate information.

20. Mr. Neshiewat subsequently sent at least two dispute letters to Equifax, TransUnion, and Experian providing evidence that he had no affiliation with LFG.

21. After Equifax, TransUnion and Experian each sent notice of the dispute to LFG by way of the ACDV system, LFG verified the information as to Mr. Neshiewat.

22. On information and belief, at no time did anyone a LFG actually compare the social security number of the person who applied for credit to Mr. Neshiewat.

23. On information and belief, at no time did anyone from LFG actually compare the name of the applicant ;to Mr. Neshiewat.

24. On information and belief, at no time did anyone from LFG compare the address of the person on the application to Mr. Neshiewat.

25. In one of the dispute letters Mr. Neshiewat provided a copy of the FTC Identity Theft Affidavit that he filed along with proof of his identity.

26. On information and belief, had anyone from LFG reviewed actual application for credit in their file, they would have discovered that Mr. Neshiewat's name, social security number and address were not on the application at all.

27. Mr. Neshiewat was subsequently denied a mortgage, which would have included first time home buyer credits, as a result of the failure of the defendants to properly delete the account from his credit file.

28. Mr. Neshiewat suffered damages to credit reputation, embarrassment and humiliation as a result of the failure of the defendants to remove or suppress the inaccurate information.

### FIRST CLAIM FOR RELIEF - Violation of 15 U.S.C. § 1681s-2(b)(1)(A)

29. Mr. Neshiewat restates and re-alleges the above paragraphs as if fully set forth herein.

30. Defendants have violated 15 U.S.C. § 1681b-2(b)(1)(A) in that it failed to reinvestigate the false information reported on Mr. Neshiewat's credit report after one or more consumer reporting agencies notified LFG that the information was disputed.

31. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, which resulted in credit damages to the Mr. Neshiewat.

32. Defendants have done so either negligently or willfully.

33. Mr. Neshiewat is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. § 1681o.

34. Alternatively, Mr. Neshiewat is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### SECOND CLAIM FOR RELIEF - Violation of 15 U.S.C. § 1681s-2(b)(1)(B)

35. Mr. Neshiewat restates and re-alleges the above paragraphs as if fully set forth herein.

36. Defendants have violated 15 U.S.C. § 1681s-2(b)(1)(B) in that it failed to review and consider all relevant information submitted by the consumer reporting agencies.

37. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, which resulted in credit damages to the Mr. Neshiewat.

38. Defendants have done so either negligently or willfully.

39. Mr. Neshiewat is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. § 1681o.

40. Alternatively, Mr. Neshiewat is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681n.

### THIRD CLAIM FOR RELIEF - Violation of 15 USC § 1681s-2(b)(1)(E)

41. Mr. Neshiewat restates and re-alleges the above paragraphs as if fully set forth herein.

42. Defendants have violated 15 U.S.C. § 1681s-2(b)(1)(E) in that it failed to delete or modify the inaccurate information once it was made aware of the inaccurate information by Mr. Neshiewat after notice from the consumer reporting agencies.

43. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, which resulted in credit damages to the Mr. Neshiewat.

44. Defendants have done so either negligently or willfully.

45. Mr. Neshiewat is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. § 1681o.

46. Alternatively, Mr. Neshiewat is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681n.

### FOURTH CLAIM FOR RELIEF - Defamation

47. Mr. Neshiewat restates and re-alleges the above paragraphs as if fully set forth herein.

48. Defendants have caused injury by conveying to a third party information bearing on the creditworthiness of an individual that was incorrect or inaccurate, an act of defamation.

49. Defendant have done so willfully or in reckless disregard for the rights of the Mr. Neshiewat.

50. Defendant have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, which resulted in credit damages to the Mr. Neshiewat.

51. Mr. Neshiewat is entitled to actual damages, punitive damages, and costs.


**WHEREFORE**, the Mr. Neshiewat, by counsel moves for judgment in an amount to be determined by a finder of fact for actual damages, punitive damages, statutory damages, attorney fees, and costs.

MAGED NESHIEWAT

/s/ Jason M. Krumbein, Esq.

by: Jason M. Krumbein, Esq. VSBN 43538
jkrumbein@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
5310 Markel Road, Suite 102
Richmond, VA 23230
Telephone: 804-303-0204
Fax: 804-303-0209