IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MAGED F. NESHEIWAT,

                Plaintiff,

v.

                                           Civil No. 3:12-CV-00075

LEASE FINANCE GROUP, LLC,
NORTHERN LEASING SYSTEMS, INC.

                Defendants.

## ANSWER

        Lease Finance Group, LLC ("Lease Finance Group") and Northern Leasing Systems, Inc.

("Northern Leasing Systems"), by counsel, hereby state as follows for their Answer to Plaintiff's

Complaint.

## PRELIMINARY STATEMENT

        Defendants admit that Plaintiff seeks actual, statutory, and punitive damages, attorney

fees and costs, and declaratory and injunctive relief for an alleged violation by Lease Finance

Group of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x. Defendants deny that Lease

Finance Group violated the Fair Credit Reporting Act as claimed by Plaintiff in the Preliminary

Statement in the Complaint. Defendants deny all other allegations contained in the Preliminary

Statement of the Complaint.

## JURISDICTION, VENUE and JURY DEMAND

        1.      Defendants admit that jurisdiction is appropriate in this Court as alleged in

paragraph 1 of the Complaint.

        2.      Defendants admit that venue is appropriate in this Court as alleged in paragraph 2

of the Complaint.

        3.      Paragraph 3 of the Complaint contains the legal conclusion of Plaintiff to which

no response is required.  To the extent that any response is required, all allegations are denied.

4.      Defendants admit that that Plaintiff requests a trial by jury as stated in paragraph 4 of the Complaint.

## PARTIES

5.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and therefore, denies the same.

6.      Defendants admit the allegations in paragraph 6 of the Complaint.

7.      Lease Finance Group denies that it is also known as Lease Finance Group, Inc. as alleged in paragraph 7 of the Complaint. Lease Finance Group admits that it is a Delaware limited liability company and it is not actively registered with the Virginia State Corporation Commission. The allegation in paragraph 7 of the Complaint regarding where Lease Finance Group can be served contains the legal conclusions of the plaintiff to which no response is required; to the extent that any response is required it is denied. Lease Finance Group denies all remaining allegations contained in paragraph 7 of the Complaint. Northern Leasing Systems is without sufficient information to admit or deny the allegations in paragraph 7 of the Complaint; therefore, they are denied.

8.      Defendants deny that Lease Finance Group is a subsidiary of Northern Leasing Systems. Northern Leasing Systems admits that it is a New York corporation that is registered with the Virginia State Corporation Commission. Northern Leasing Systems admits that its registered agent in Virginia is CT Corporation at 4701 Cox Road, Suite 301, Glen Allen, Virginia 23060. The allegation in paragraph 8 of the Complaint regarding where Northern Leasing Systems can be served contains the legal conclusions of the plaintiff to which no response is required; to the extent that any response is required it is denied. Northern Leasing Systems denies all remaining allegations contained in paragraph 8 of the Complaint. Lease

2

Finance Group is without sufficient information to admit or deny the allegations in paragraph 8 of the Complaint; therefore, they are denied.

9.      Defendants deny the allegations in paragraph 9 of the Complaint.

## FACTS

10.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint at this time, and therefore, deny the same.

11.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint at this time, and therefore, deny the same.

12.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore, deny the same.

13.      Defendants deny the allegations in paragraph 13 of the Complaint.

14.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint at this time, and therefore, deny the same.

15.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint at this time, and therefore, deny the same.

16.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint at this time, and therefore, deny the same.

17.     Lease Finance Group admits to receiving a communication purportedly from Plaintiff claiming that there were two accounts on his credit report and that he had never heard of or dealt with Lease Finance Group. Lease Finance Group denies the remaining allegations in paragraph 17 of the Complaint. Northern Leasing Systems is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint; therefore, they are denied.

18.     Lease Finance Group denies the allegations in paragraph 18 of the Complaint. Northern Leasing Systems is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint; therefore, they are denied.

19.     Lease Finance Group denies the allegations in paragraph 19 of the Complaint. Northern Leasing Systems is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint; therefore, they are denied.

20.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint at this time, and therefore, deny the same.

21.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint at this time, and therefore, deny the same.

22.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint at this time, and therefore, deny the same.

23.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint at this time, and therefore, deny the same.

24.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint at this time, and therefore, deny the same.

25.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint at this time, and therefore, deny the same.

26.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint at this time, and therefore, deny the same.

27.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint at this time, and therefore, deny the same.

28.     Defendants deny the allegations in paragraph 28 of the Complaint.

**FIRST CLAIM FOR RELIEF – Violation of 15 U.S.C. § 1681s-2(b)(1)(A)**

29.     Defendants restate and incorporate by reference their responses to Paragraphs 1 through 28 as stated above.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

**SECOND CLAIM FOR RELIEF – Violation of 15 U.S.C. § 1681s-2(b)(1)(B)**

35.     Defendants restate and incorporate by reference their responses to paragraphs 1 through 34 as stated above.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

**THIRD CLAIM FOR RELIF – Violation of 15 U.S.C. § 1681s-2(b)(1)(E)**

41.     Defendants restate and incorporate by reference their responses to Paragraphs 1 through 40 as stated above.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

**FOURTH CLAIM FOR RELIEF – Defamation**

47.     Defendants restate and incorporate by reference their responses to paragraphs 1 through 46 as stated above.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny all allegations in the Complaint not specifically admitted in this Answer and deny that Plaintiff is entitled to any recovery in this matter.

## DEFENSES

53.     At all relevant times, Defendants acted in good faith and maintained and followed reasonable procedures to comply with the Fair Credit Reporting Act and to avoid violations of the Fair Credit Reporting Act.

54.     Defendants allege that any claimed damages to Plaintiff, which Defendants deny, are the result of the acts or omissions of Plaintiff or others, over whom Defendants have no control and for which Defendants have no responsibility.

55.     Plaintiff's claims are barred to the extent that he failed to mitigate his damages.

56.     Defendants have at all times acted in compliance with the Fair Credit Reporting Act.

57.     To the extent that Defendants made any error, which they deny, it was a bona fide error.

58.     Defendants have not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and have not acted with negligence, malice, actual malice, or willful intent to injure.

59.     Plaintiff's common law and/or state law claims – including Plaintiff's claim for defamation and for declaratory and injunctive relief – are barred/preempted by the qualified immunity/privilege granted by the Fair Credit Reporting Act and state law.

60.     Any statement made by Defendants regarding Plaintiff was true or substantially true.

61.     Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the laws of the Commonwealth of Virginia.

62.     To the extent Defendants could be found liable, Plaintiff was contributorily negligent.

63.     In the event that a settlement is reached between Plaintiff and any other party related to the underlying facts sued upon, Defendants are entitled to any settlement credits permitted by law.

64.     Any alleged damages to Plaintiff, which Defendants continue to deny, were caused in whole or in part by an intervening or superceding cause.

65.     This lawsuit is barred by the applicable statute of limitations.

66.     Defendants reserve the right to rely upon other defenses that may become available during discovery and reserve the right to amend their Answer to state such defenses.

WHEREFORE, Defendants Lease Finance Group, LLC and Northern Leasing Systems, Inc., by counsel, respectfully request that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Defendants their costs of defense and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

Respectfully submitted,

/s/
Grant E. Kronenberg
Virginia State Bar #65647
Attorney for Defendants
Morris & Morris, P.C.
PO Box 30
Richmond, VA 23218
(804) 344-8300
(804) 344-8539 Fax
gkronenberg@morrismorris.com

DATED:  April 5, 2012.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of April 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

Jason Meyer Krumbein
Krumbein Consumer Legal Services, Inc.
5310 Markel Road
Suite 102
Richmond, VA 23230
804-303-0204
Fax: 804-303-0209
KrumbeinLaw@gmail.com
*Counsel for Plaintiff*

/s/
Grant E. Kronenberg
Virginia State Bar #65647
Attorney for Defendants
Morris & Morris, P.C.
PO Box 30
Richmond, VA 23218
(804) 344-8300
(804) 344-8539 Fax
gkronenberg@morrismorris.com